**Bennet G. Kelley, CA SBN 177001**
**Internet Law Center**
**100 Wilshire Boulevard, Suite 700**
**Santa Monica, CA 90401**
**Telephone: (310) 452-0401**
**Facsimile: (702) 924-8740**
**E-Mail: bkelley@internetlawcenter.net**
**Attorney for Plaintiff E A SOLAR, LLC**

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **E A SOLAR, LLC**    ) | |
|          )  | |
|    **Plaintiff,**    ) | |
|          ) | |
| **vs.**    )  | **Case No.: _____** |
|          ) | |
| **RST CLEANTECH, LTD and**    ) | |
| **RST CLEANTECH USA, LLC**    ) | |
|          ) | |
|    **Defendants.**    ) | |

### C O M P L A I N T

COMES NOW the Plaintiff, the E A Solar, LLC, by and through counsel, and for a Complaint against the Defendants alleges as follows:

### PARTIES

1.    Plaintiff E A Solar, LLC ("E A Solar") is  a Delaware limited liability company with its principal place of business located at 800 SE 4th Avenue, Suite 105, Hallandale Beach, Florida 33009.

2.    Defendant RST CleanTech, LTD ("RST CleanTech") is an Israeli corporation with its principal place of business at 38/12 Ve'idat Katowits, Tel Aviv-Yafo 6230440. Defendant RST CleanTech manufactures a solar-panel cleaning device (the "Product") that mounts on the solar panel to keep it clean for increased efficiency. Defendant RST CleanTech, LTD is subject to service

1

of process under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters treaty.

3. Defendant RST CleanTech USA, LLC ("RST USA") is a California limited liability company with its principal place of business at 18375 Ventura Boulevard, Suite 780, Tarzana, CA 91356. Defendant RST USA is a United States subsidiary of Defendant RST CleanTech. RST USA's registered agent for service of process is Matthew Adam Casey, 18375 Ventura Boulevard, Suite 780, Tarzana, California 91356.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332 as the amount in controversy is in excess of $75,000.00, and the Plaintiff and Defendants are citizens of different states.

5. This Court has venue of this action pursuant to 28 U.S.C. §1391(b)(1) and (2).

## FACTUAL ALLEGATIONS

6. Plaintiff E A Solar is in the solar energy field, including selling solar-related products and the Product manufactured by RST CleanTech.

7. On June 19, 2020, Defendants RST CleanTech and RST USA entered into an Agreement with E A Solar to serve as a Product sales representative. (Exhibit 1, attached)

8. The June 19, 2020 Agreement replaced prior agreements for the separate members of E A Solar.

9. Under the Agreement, Plaintiff E A Solar was given the exclusive right to sell the Product, along with other related RST CleanTech products and services, to a certain group of customers in California, along with the non-exclusive right to sell the Product to any other customers in California not explicitly reserved by Defendant RST USA.

10. Under the Agreement, Plaintiff E A Solar was also given the

exclusive right to sell the Product to customers and prospective customers whom it identified throughout the rest of the United States.

11. Under the Agreement, Plaintiff E A Solar was also given the right to sell the Product to customers and prospective customers outside the United States, who become exclusive customers once identified by E A Solar as a prospective customer.

12. On July 5, 2020, the Agreement was amended to revise sales goals. (Exhibit 2)

13. Under the Agreement, Plaintiff E A Solar is compensated through commissions on sales to its customers.

14. Under the Agreement, when certain conditions were satisfied, Plaintiff E A Solar was granted an option to acquire ownership of 10% of the shares in Defendant RST CleanTech.

15. After the Agreement was signed, Defendants RST CleanTech and RST USA and Plaintiff E A Solar continued the course of dealing they collaboratively developed under previous agreements.

16. Under this course of dealing, after Plaintiff E A Solar approaches a potential customer, reviews marketing materials with the prospect, identifies the prospect's interests and needs, then RST CleanTech designs the system using the Product and costs the components. Prior to the Agreement, the price was provided to the prospective customer in a proposal through RST USA in the United States and through RST CleanTech outside of the United States.

17. Frequently, with approval of the Defendants, E A Solar offered a customer who insisted on a demonstration version of the Product a Pilot Demo before the customer purchased Product for all of their solar panel cleaning needs.

18. Where a Pilot Demo was installed by the Defendants, the Defendants monitored the performance of the Product, measured improvement

3

in energy generation, and submitted a report to the customer of E A Solar.

19. In order to complete the purchase, the prospective customer signs several agreements with the Defendants, including, but not limited to, a Non Disclosure/Non Compete Agreement, a Sales Contract, and a Warranty Agreement.

20. In reliance on the Agreement, E A Solar worked diligently to sell the Product in the United States and around the world, specifically including California and the United Arab Emirates.

21. After the order is received, RST CleanTech ships Product from Israel to the customer's solar facility in the United States, and/or ships to RST USA's warehouse in California pending installation.

22. Defendant RST CleanTech sent employees from Israel to install the system using the Product at the site of some customers in California.

23. Defendant RST CleanTech also trained customer employees in how to install the Product, including training through an online training course and certification program upon completion of training.

24. When customer's require maintenance and/or service, product repairs and maintenance are made by the Defendants or persons trained by the Defendants.

25. Under the Agreement, Plaintiff E A Solar was responsible to set the price for the prospective customer based on the design, parts list, and cost of parts prepared by Defendant RST CleanTech.

26. Under the Agreement, after the customer agreed with the design of the system, the proposal for installation, and price, Plaintiff E A Solar turns the customer over to RST CleanTech and/or RST USA to sign the purchase agreement and complete the installation of the Product using the approved system design. In reality, the Defendants failed to follow the Agreement and continued to negotiate the price with the customer after E A Solar turned the

customer over to the Defendants.

27. With one customer of Plaintiff E A Solar, the employees of RST CleanTech from Israel improperly installed a Pilot Demo on a large solar farm in California beginning on September 1st, 2020. The Pilot Demo was not repaired for one month, then worked for 19 days.

28. After installation of the Pilot Demo in California on a large solar farm, the Defendants failed to monitor the performance of the Pilot Demo in breach of the purchase agreement with the customer. The monitoring failure was never corrected. The poor installation and repair of the Pilot Demo undermined the value of the demonstration study, and after November 6, 2020 the Pilot Demo never worked again.

29. The customer complained to E A Solar that the Pilot Demo was not working properly and was not monitored.

30. After Plaintiff E A Solar requested that Defendants service the Pilot Demo, the Defendants intentionally delayed investigating the cause of the failure for many weeks. As a result of this failure to respond and failure to monitor, the customer was not convinced of the Product effectiveness and the balance of the sale was lost.

31. This repeated failure of the Defendants to provide adequate customer support and subsequent sales support has caused Plaintiff E A Solar to lose subsequent orders from this same customer and from other customers, who own solar facilities that can benefit from the efficiency gained from the solar panels which use the Product.

32. Plaintiff E A Solar also obtained one or more significant customers for the Product in the United Arab Emirates.

33. Defendant RST CleanTech refused to provide E A Solar with a design using the Product and cost of components for the system, preventing E A Solar from completing its sales proposal, resulting in a lost sale.

34.    Due to the repeated failures of RST USA and RST CleanTech to meet their obligations and  responsibilities to the customer, their Product, and to their sales representative, E A Solar lost current and prospective customers and was unable to provide timely quotes and technical responses to customers who were ready to purchase.

35.    Due to the failure by RST USA and RST CleanTech to properly install the systems, and the poor quality of installation work, E A Solar's reputation was undermined and its relationship with existing and potential customers was damaged.

36.    Defendants RST USA and RST CleanTech obstructed E A Solar's sales, prevented customers from receiving Pilot Demos, withheld information for  designs  and  proposals,  withheld  information  on  parts  and  cost  of components, and denied customer support on new installations.

37.    As a result of the actions of the Defendants, Plaintiff E A Solar was unable to meet  sales goals.  On information and belief, Defendants took these action for the purpose of preventing Plaintiff E A Solar from exercising its option to acquire 10% of the shares of RST CleanTech under the Agreement.

## COUNT I

## BREACH OF CONTRACT - ACCOUNTING FOR COMMISSIONS

38.    Under Section 3 of the Agreement, Defendants RST USA and RST CleanTech  provide design and cost information on the solar panel cleaning devices to allow Plaintiff E A Solar to price the devices to the customer on an installed basis. Commissions are based on the price.  Section 3 reads  as follows:

> Commercial Commissions shall be paid on each Commercial System purchased by an EAS customer. RST will provide EAS a hard cost for a particular project. EAS will then instruct RST to add margin on top of this cost based on what EAS believes the project can be sold at. RST will add this margin to the price of the project for direct sale to the customer. Commercial Commissions shall be paid on each Commercial System purchased  by  an  EAS  Exclusive  or  Nonexclusive  Customer.  These

commissions shall be in the amount of 50% of the above-mentioned margin that is added to the cost to make up the price to the customer.

39.     Under Section 4 of the Agreement, Defendants RST USA and RST CleanTech  are required to provide E A Solar with a monthly report of customers whose names were obtained by Defendants from E A Solar and who purchased the Product for the purpose of paying commissions.  Section 4 provides as follows:

> Within ten (10) Business Days after the end of each month, RST will email EAS a list showing how many Systems were ordered by each of EAS Customers, whether exclusive or not, as well as a list of dates and amounts of payments RST has received during the previous month for sales to EAS Customers, whether exclusive or not. Commission to EAS for a sale becomes payable once RST has received payment in full for that sale (the "Sale Date"). Payment will be in the form of ACH transfer (direct deposit) to EAS's bank account.

40.     Defendants RST USA and RST CleanTech breached the Agreement by failing to submit monthly reports to E A Solar disclosing sales to E A Solar customers who ordered Product through RST USA and RST CleanTech.

41.     Defendants RST USA and RST CleanTech breached the Agreement by failing to pay  E A Solar commissions and reimburse expenses on Product that was ordered by E A Solar customers through RST USA and RST CleanTech.

42.     Plaintiff E A Solar provided customers to RST USA and/or RST CleanTech for Product who paid for Product for which commissions were never paid or received.

43.     Defendants RST USA and RST CleanTech received payments from E A Solar customers for Product which the Defendants failed to properly report and failed to pay earned commissions to Plaintiff E A Solar.

44.     Plaintiff E A Solar has suffered actual damages as a result of Defendants' breach of the Agreement by failing to report monthly and pay

commissions and reimbursable expenses to E A Solar in an amount exceeding $416,000.00.   Plaintiff E A Solar seeks an accounting of all customers and commission earned, pre-judgment interest and attorney fees.

## COUNT II

## BREACH OF CONTRACT - SPECIAL DAMAGES

45.   Plaintiff E A Solar incorporates by reference the allegations contained in paragraphs 1-44.

46.   Defendants RST USA and RST CleanTech breached their obligation to  provide other sales support required by E A Solar to effectively represent the panel washing devices to prospective customers and repeat customers.

47.   Defendants RST USA and RST CleanTech breached their obligation to timely provide system design and cost of components information for customer proposals using the Product developed by E A Solar.

48.   Defendants RST USA and RST CleanTech breached their obligations of good faith and fair dealing to timely provide customer support and technical resources to customers of E A Solar who placed orders with the Defendants.

49.   A lack of proper training of technicians installing the product in California and other places resulted in faulty installations which harmed the customer and damaged Plaintiff E A Solar' reputation, and limited the prospect or repeat business.

50.   Defendants RST USA and RST CleanTech misrepresented the business relationship with E A Solar as a world wide sale representative to customers and prospective customers.  When installations were faulty and of

poor workmanship, Defendants attempted to wrongly attribute its problems to Plaintiff E A Solar.

51.     Defendant RST CleanTech issued product warranties to customers in California and other places and attempted to shift responsibility for that warranty work to E A Solar.

52.     As one example, in the summer and fall of 2020, E A Solar got involved in a product installation for a California customer because of the installation delays caused by Defendants RST USA and RST CleanTech.

53.     Defendants RST USA and RST CleanTech prevented E A Solar from mitigating damages caused by the installation delays by refusing to allow Plaintiff E A Solar to participate in and direct the performance of installation services of the panel cleaning devices it sold.

54.     After the Product installation when customers experienced problems, customers requested help from E A Solar, and Defendants RST USA and RST CleanTech asked  E A Solar for assistance in resolving faulty installations.  E A Solar had to intervene to resolve the installation problems or risk losing customers.

55.     Plaintiff E A Solar seeks incidental and consequential damages in an amount to be determined at trial related to the Defendants actions with E A Solar and with its customers that resulted in lost sales and lost opportunities, together with  pre-judgment interest, and  attorney fees as provided in Section 13 of the Agreement.

## COUNT III

## BREACH OF CONTRACT - SPECIFIC PERFORMANCE  FOR DELIVERY OF SHARES

56.     Plaintiff E A Solar incorporates by reference the allegations contained in paragraphs 1- 55.

57.    On information and belief, Defendant RST USA and Defendant RST CleanTech are acting to prevent Plaintiff E A Solar from exercising its right to acquire 10% of the shares of RST CleanTech.

58.    On information and belief, the shares of RST CleanTech are subject to a public offering of shares in Israel.

59.    The actions of Defendant RST USA and Defendant RST CleanTech are intended to prevent Plaintiff E A Solar from obtaining the shares of RST CleanTech.

60.    Plaintiff E A Solar seeks specific performance of Defendant RST CleanTech's obligation to issue 10% of its shares of stock to E A Solar. Alternatively, E A Solar seeks compensatory damages for the failure of Defendant RST CleanTech to provide the requested shares.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff E A Solar, LLC prays for relief and requests this Court to require the Defendants to do the following:

A.    Entry of judgment in favor of E A Solar against RST USA and RST CleanTech on all claims for relief;

B.    After requiring an accounting for commissions by the Defendants, enter an order awarding E A Solar commissions in an amount over $416,000.00 together with reimbursable expenses, pre-judgment interest, and attorney fees.

C.    An order placing a constructive trust over the shares of RST CleanTech and requiring it to issue 10% of its shares to Plaintiff E A Solar;

D.    Alternatively, an order awarding money damages equal to the value of 10% of the shares of RST CleanTech in an amount determined by the Court;

E.    Prejudgment interest at the statutory rate from the time payments came due;

10

F.      An order awarding Plaintiff E A Solar reasonable costs and attorney's fees as provided in the Agreement and under applicable law; and

G.      Any and all other legal and equitable relief as may be available under law the Court may deem proper and just.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues.

Respectfully submitted,

/s/ Bennet G. Kelley
Bennet G. Kelley, Esq.
Internet Law Center
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
(p) (310) 452-0401

Attorney for Plaintiff E A Solar, LLC

11